UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| AISHA JARHARA WALKER,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL CREDIT SERVICES, LLC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:17-cv-14228<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes AISHA JARHARA WALKER ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CENTRAL CREDIT SERVICES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a 40 year old natural "person," as defined by 47 U.S.C. §153(39), residing at 26635 Parkington Street, Roseville, Michigan, which lies within the Eastern District of Michigan.

5. Defendant is a collection agency with its principal place of business located at 9550 Regency Square Boulevard, Suite 500, Jacksonville, Florida. Defendant regularly collects upon consumers in the state of Michigan.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In approximately September 2017, Plaintiff changed her cellular phone number to (313) XXX-6737.

9. Roughly one week later, Plaintiff began receiving calls to her new cellular phone number from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 6737. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant mainly uses the phone number (844) 357-1040 when placing calls to Plaintiff's cellular phone.

12. Upon information and belief, the above referenced phone number ending in 1040 is regularly utilized by Defendant during its debt collection activity.

13. Upon answering phone calls from Defendant, Plaintiff experiences a noticeable pause, lasting several seconds in length, before being connected with a live representative.

14. On other answered calls, Plaintiff experiences silence and dead air, and is not greeted by Defendant even after saying "hello."

15. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon an outstanding debt said to be owed by a "Marqueela."

16. Plaintiff is unfamiliar with anyone named Marqueela, so she informed Defendant that it was calling the wrong party and demanded that it stop calling.

17. Despite Plaintiff's demands, Plaintiff continued to receive calls from Defendant up until the filing of the instant action.

18. Defendant contacts Plaintiff on a near daily basis, notwithstanding her demands that it cease.

19. Plaintiff has received not less than 40 phone calls from Defendant since telling it that it was calling the wrong party and demanding that it stop calling.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $53.00 to purchase and maintain an application on her cellular phone to help quell Defendant's calls. However, the communications have continued.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown individual, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA §1692b & c(b)**

29. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Additionally, under §1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."

4

Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

30. Defendant violated §1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt for a "Marqueela." Plaintiff explicitly notified Defendant that she was not the individual it was looking for and demanded that it stop calling. Defendant had more than enough information to know that the number it was calling did not belong to Plaintiff. Armed with this information, Defendant nevertheless continued to call Plaintiff's cellular phone incessantly without her consent.

### b. Violations of FDCPA §1692c(a)(1) and §1692d

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop and that Plaintiff was not the underlying debtor. Defendant called Plaintiff at least 40 times, on a near daily basis, after she demanded that it stop and after becoming aware that Plaintiff was not the party it was seeking. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands in an attempt to collect a debt owed by an individual unknown to Plaintiff was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

5

33. Defendant was notified by Plaintiff that its calls were not welcome. As such, Defendant knew that its conduct in placing the calls was inconvenient and harassing to Plaintiff.

### c. Violations of FDCPA §1692e

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

36. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Plaintiff that it was calling the wrong person and to stop calling. Nevertheless, Defendant called Plaintiff at least 40 times in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though the debt was not hers. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when not only did it not have consent to do so in the first place, but was also subsequently told to stop calling..

### d. Violations of FDCPA §1692f

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff asking to speak with an individual who was not Plaintiff. Defendant repeatedly asked to speak with an someone named Marqueela, an individual with whom Plaintiff is unfamiliar. Attempting to coerce payment by placing voluminous phone calls after

6

becoming privy to the fact that it is contacting the wrong person and being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

39. As pled in paragraphs 19 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, AISHA JARHARA WALKER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

40. Plaintiff repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

41. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

42. Defendant uses an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several seconds in length, which Plaintiff

experiences during answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls. Further, the silence and lack of human response which Plaintiff is subjected to during some of Defendant's phone calls demonstrates that an ATDS is being utilized to generate the phone calls. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

43. Defendant violated the TCPA by placing at least 40 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff has never had any business relationship with Defendant nor has she given it permission to call her cellular phone. Defendant was calling Plaintiff's cellular phone looking for a different party with whom Plaintiff is unfamiliar. As such, Plaintiff could not have given Defendant consent to contact her. Even if Defendant did have a legitimate business reason for initially contacting Plaintiff, which it did not, she explicitly revoked any consent by her demands that Defendant cease contact.

44. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

45. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, AISHA JARHARA WALKER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Awarding Plaintiff costs and reasonable attorney fees; and

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

46. Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

48. Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

49. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

    **a. Violations of M.C.L. § 339.915(f)(ii)**

50. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

51. Defendant violated M.C.L. § 339.915(f)(ii) by repeatedly contacting Plaintiff's cellular phone using an automated system absent consent. Through its conduct, Defendant misrepresented that it had the legal ability to contact Plaintiff using an automated system even though Plaintiff had never consented to receiving such calls. Any hypothetical lawful ability of Defendant to place the calls at issue was explicitly removed after Plaintiff demanded that it cease calling her cellular phone. As such, Defendant misrepresented its legal rights in placing the phone calls, as well as Plaintiff's legal rights to have such phone calls cease, by continuing to contact Plaintiff's cellular phone absent the lawful ability to do so.

### b.  Violations of M.C.L. § 339.915(n)

52. The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

53. Defendant violated the MOC when it repeatedly called Plaintiff after being notified to stop and that Plaintiff was not the underlying debtor. Defendant called Plaintiff at least 40 times after she demanded that it stop and after becoming aware that Plaintiff was not the party it was seeking. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands in an attempt to collect a debt owed by an individual unknown to Plaintiff was harassing and abusive. Such contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, especially after Plaintiff demanded that the calls stop, would naturally cause an individual to feel oppressed.

54. Further, Plaintiff told Defendant that its calls to her cellular phone were not welcome and were therefore inconvenient. As such, Defendant contacted Plaintiff at times and places which were known to be inconvenient to her.

### c.  Violations of M.C.L. § 339.915(q)

55. The MOC, pursuant to M.C.L. § 339.915(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

56. Defendant violated the MOC by failing to adequately have procedures in place designed to prevent a violation by its employee(s). Plaintiff informed Defendant she was not the party it was seeking and demanded that it stop calling. Nevertheless, the calls continued. This demonstrates the lack of any procedures in place by Defendant wherein its employees would cease calling after

becoming aware that the subject of its collection efforts was not the actual party owing the underlying obligation. It further demonstrates the lack of any procedures in place by Defendant designed to address consumer requests that incessant phone calls are inconvenient and should cease. As such, Defendant has failed to implement procedures designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts.

57. Defendant's violations of the MOC were willful. Defendant was notified by Plaintiff that she was not the underlying debtor and that she did not wish to receive any more phone calls. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly notwithstanding her demands. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MOC.

WHEREFORE, Plaintiff, AISHA JARHARA WALKER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1).

c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2).

d. Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2).

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2).

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 29, 2017                                        Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com


s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com